IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KEITH EDWARD MOSS,** | ) | Civil Action No. 7:13-cv-00591 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LYNCHBURG POLICE** | ) | |
| **DEPARTMENT, et al.,** | ) | By:   Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

  Keith Edward Moss, a Virginia inmate proceeding pro se, instituted a civil action, pursuant to 42 U.S.C. § 1983, naming the Lynchburg Police Department ("Police Department") and the Lynchburg Adult Detention Center ("Jail") as defendants.  Plaintiff alleges that members of the Police Department have harassed Plaintiff for several years with assaults, threats, fictitious charges, illegal searches and seizures, and slander.  Plaintiff further alleges that Jail staff unlawfully incarcerated him, assaulted him three times, denied him telephone privileges and legal paperwork, and withheld money from his inmate trust account.  None of these allegations state a claim upon which relief may be granted, and the Complaint is dismissed without prejudice.

  The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" to state a claim upon which relief may be granted.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions . . . ."

Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Jail is not a "person" for purposes of § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (reasoning that a jail is not an appropriate defendant to a § 1983 action). Although the Police Department can be a proper defendant via municipal liability, municipal liability cannot exist without an underlying constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); see City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (describing the types of policies and customs that may be challenged via municipal liability). Plaintiff's allegations about various violations of federal rights by unidentified staff are based on mere labels and conclusions, which are insufficient to state an actionable claim. Furthermore, Plaintiff does not describe the Police Department as the "moving force" behind the alleged violations. See, e.g., Polk County v. Dodson, 454 U.S. 312, a

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

claim 326 (1981). Accordingly, the court dismisses the Complaint without prejudice for failing to state upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

        Entered: January 13, 2014

        */s/ Michael F. Urbanski*

        Michael F. Urbanski
        United States District Judge